Lucille **JEFFREY** et al.

v.

**SOUTHWESTERN BELL**, a corporation, et al.

No. CA 3–7000–C.

United States District Court,
N. D. Texas,
Dallas Division.

March 22, 1974.

Alan M. Glassman and Stephen R. Sundgaard, Dallas Legal Services Foundation, Dallas, Tex., for plaintiffs.

Ford W. Hall and J. H. Hand, Dallas, Tex., for Southwestern Bell and American T & T.

Mark Martin and Wilson W. Herndon Strasburger, Price, Kelton, Martin & Unis, Dallas, Tex., for Western Electric.

## OPINION

WILLIAM M. TAYLOR, Jr., Chief Judge.

Defendants have moved the Court to dismiss this complaint. The Court has considered the thorough briefing and arguments of the parties and is of the opinion that the motion should be granted.

■ Plaintiffs' first cause of action is in the nature of anti-trust under the Clayton Act, 15 U.S.C., Secs. 15 and 26. But Plaintiffs have no standing to sue under this Act. They are suing as individual subscribers to telephone services provided by Defendants. They allege that the Defendants had set artificially low prices on certain types of telephone equipment in order to under cut independent manufacturers in an effort to eliminate those manufacturers from competition. Plaintiffs claim that they were injured in that they allegedly had to pay higher prices for services because of the price cutting on the equipment.

Anti-trust law has a concept called "target area". In essence, in order to sue one must be a person or entity which Congress meant to protect when it enacted the Clayton Act.[1] The protected parties have been defined by the courts as those against whom the conspiracy was directed.[2] The courts have realized that the real burden of paying for the antitrust violations will fall on the public one way or the other.[3] But the purpose of the Clayton Act is best served by limiting the scope of potential plaintiffs in such actions.[4]

Plaintiffs, herein, are not in the "target area" of the Clayton Act as they are customers of Defendants and not their competitors.

■ Plaintiffs' second contention relates to Defendant Southwestern Bell's security deposit procedures. The Supreme Court has already said in Wood v. Public Utilities Commission[5] that private utility security deposit procedures do not entail a substantial federal question, which is dispositive of this question as Plaintiffs have raised only federal claims.

■ The last two contentions relate to Southwestern Bell's policy of charging off charitable contributions and advertising expenditures as expenses in figuring its allowable rate of return as set by State of Texas law.

These contentions must pass the test of the Johnson Act, 28 U.S.C. Sec. 1342, before being allowed in a federal court. The Johnson Act says that the federal courts cannot issue orders against any state rate making order if

"(1) Jurisdiction is based solely on diversity of citizenship or repugnance of the order to the Federal Constitution; and

(2) The order does not interfere with interstate commerce; and,

(3) The order has been made after reasonable notice and hearing; and,

(4) A plain, speedy and efficient remedy may be had in the courts of such State."

1. Hawaii v. Standard Oil of Calif., 405 U.S. 251, 92 S.Ct. 885, 31 L.Ed.2d 184 (1972); Calderone Enterprises Corporation v. United Artists Theatre Circuit, 454 F.2d 1292 (2d Cir., 1971); cert. den., 406 U.S. 930, 92 S. Ct. 1776, 32 L.Ed.2d 132 (1972).

2. Calderone, supra.

3. Hanover Shoe, Inc., v. United Shoe Machinery Corp., 392 U.S. 481, p. 490, note 8, 88 S.Ct. 2224, 20 L.Ed.2d 1231 (1968).

4. Calderone, supra, 454 F.2d p. 1296.

5. 404 U.S. 931, 92 S.Ct. 293, 30 L.Ed.2d 245 (1971).

It cannot be disputed that Plaintiffs' claims fail the first requirement as they invoke the jurisdiction of this court as to these two claims, pursuant to the *Fifth and Fourteenth Amendments to the Constitution of the United States* and the operative statutes thereunder.

The second requirement is not met as Plaintiffs have been very careful to limit the scope of their complaint to intra-state operations of Defendants and to exclude inter-state operations.

The third requirement is not met in that Plaintiffs state affirmatively that they " . . . by and through their attorney have appeared before the Dallas City Council on numerous occasions to seek relief, to no avail." So their contention is not that they have had no hearing but that the administrative body did not agree with their contentions.

Plaintiffs have contended that there is no speedy and efficient remedy in Texas courts, the fourth requirement. In support of this contention, Plaintiffs have misplaced their reliance upon Schenker v. City of San Antonio.[6] This case expressly reserved the question of whether a consumer had standing in a federal court to challenge the reasonableness of utility rates set and charged by a city. This is contrary to the proposition that *Schenker* was cited for by Plaintiffs. The opinion by the Court of Civil Appeals turned on the question of exhaustion of administrative remedies, not standing to sue.

In any event, if the Johnson Act were not applicable, it would behoove the Court to dismiss the Civil Rights claims as a matter of comity as this Court has recently done in the case of Stewart v. Dallas Power & Light, Inc.[7]

Defendants are requested to prepare a form of judgment, forward it to Plaintiffs for their comments as to form and submit it to the Court for entry.

6. 369 S.W.2d 626 (Tex.Civ.App., 1963).

7. (n.CA 3–5898–C, January 21, 1974).